UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------X
Qingdao Zenghui Craftwork, Co. Ltd.

                                Plaintiff,                    CV Action No.:
                                                                       16-CV-6296-BRM-DEA

       -against-

Bijou Drive, Bijou International,
Maurice Haber, Leon Haber, Jack Haber
ABC Companies 1-5, fictitious names,
John Does 1-5 fictitious names,
individually and as officers and/or members of
ABC Companies.

                                Defendants.
-----------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

                                              Matthew Jeon, P.C.
                                              Attorneys for Plaintiff,
                                              *Qingdao Zenghui Craftwork, Co. Ltd.*
                                              2400 Lemoine Avenue, Suite 201
                                              Fort Lee, New Jersey 07024
                                              (201) 947-9475
                                              office@jeonlaw.com

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ……………………………………..……….1

STATEMENT OF UNDISPUTED MATERIAL FACTS…………………….…1

    A.    The Relevant Parties……………………………………………………1

    B.    Breach of Contract by Defendant, Bijou International………....…….2

    C.    Unjust Enrichment and Conversion by Defendant, Bijou International……………………………………………………….......….3

ARGUMENT………………………………………….……………..….......….4

    STANDARD OF REVIEW……………………………………….………..4

    POINT I: PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AS TO ITS BREACH OF CONTRACT CLAIM BECAUSE THERE ARE NO MATERIAL FACTS IN DISPUTE………………………………….…..…..6

    POINT II: PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AS TO ITS UNJUST ENRICHMENT CLAIM BECAUSE THERE ARE NO MATERIAL FACTS IN DISPUTE……………………………………….…9

    POINT III: PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AS TO ITS CONVERSION CLAIM BECAUSE THERE ARE NO MATERIAL FACTS IN DISPUTE…………………………………………………….10

CONCLUSION………………………………………………..……………..11

# TABLE OF AUTHORITIES

**CASES**                                                                                                          **PAGE(S)**

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242, 248 (1986)..................................................................4, 5

Barco Auto Leasing Corp. v. Holt,
    228 N.J.Super. 77, 83, 548 A.2d 1161 (App.Div. 1988)......................10

Cascara v. Pomeroy,
    313 F.3d 828, 832-33 (3d Cir. 2002)....................................................4

Celotex Corp. v. Catrett,
    477 U.S. 317, 322-23 (1986)..........................................................4, 5, 6

Chicago Title Ins. Co. v. Ellis,
    409 N.J. Super. 444, 454 (N.J. Super. App. Div. 2009)......................10

Dawley v. Erie Indem. Co.,
    100 F. App'x 877, 881 (3d Cir. 2004)...................................................5

Foster v. Morris,
    208 F. App'x 174, 179 (3d Cir. 2006)...................................................6

Gazarov v. The Diocese of Erie,
    80 F. App'x. 202, 206 (3d Cir. 2003)....................................................8

In re Mercedes-Benz Tele Aid Contract Litigation,
    257 F.R.D. 46, 53 (D.N.J. 2009)...........................................................9

Jersey Cent. Power & Light Co. v. Lacey Twp.,
    772 F.2d 1103, 1109 (3d Cir. 1985).......................................................5

Katz v. Aetna Cas. & Sur. Co.,
    972 F.2d 53, 55 (3d Cir. 1992)..............................................................6

Marino v. Indus. Crating Co.,
    358 F.3d 241, 247 (3d Cir. 2004)..........................................................4

McGlynn v. Schultz,
    90 N.J.Super. 505, 526, 218 A.2d 408 (Ch.Div. 1966), certif. denied, 50 N.J.
    409, 235 A.2d 901 (1967)..............................................................................10

Schoch v. First Fid. Bancorporation,
    912 F.2d 654, 657 (3d Cir. 1990)......................................................................6

Siegel Transfer, Inc. v. Carrier Express, Inc.,
    54 F.3d 1125, 1130-31 (3d Cir. 1995)...............................................................5

Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.,
    275 F. Supp .2d 543, 566 (D.N.J.2003)............................................................7

VRG Corp. v. GKN Realty Corp.,
    641 A.2d at 526..................................................................................................9

## STATUTUES

FED. R. CIV. P. 56(c).....................................................................................4, 11

FED. R. CIV. P. 56(e)......................................................................................4, 6

## OTHER AUTHORITIES

Restatement (Second) of Torts § 222A(1) (1965)...........................................10

## PRELIMINARY STATEMENT

Plaintiff, Qingdao Zenghui Craftwork, Co. Ltd. submits this Memorandum of Law in support of its Motion for Partial Summary Judgment. Plaintiff is entitled to summary judgment on the claims of breach of contract, unjust enrichment and conversion against Defendant, Bijou International as there is no genuine dispute as to any material facts on those claims as set forth below and in the statement of undisputed material facts attached to this motion. Further, all the relevant facts demonstrated in the statement of undisputed material facts meet the elements of the claims of breach of contract, unjust enrichment and conversion as set forth herein.

Accordingly, Plaintiff's motion for partial summary judgment against Defendant, Bijou International on the claims of breach of contract, unjust enrichment and conversion must be granted.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

### A. The Relevant Parties

Plaintiff, Qingdao Zenghui Craftwork, Co. Ltd. (hereinafter "Plaintiff" or "Qingdao"), is a company in the business of manufacturing custom-made jewelry with its principal place of business at Gejiazhuang Village, Jiaodong Town, Jiaozhou City, Qingdao, China 266317. (*See* Plaintiff's Statement of Undisputed Material Facts ["Pl. Rule 56.1 St."], ¶ 1) Defendant, Bijou

1

Case 3:16-cv-06296-BRM-DEA   Document 38-3   Filed 12/21/18   Page 6 of 16 PageID: 191

International (hereinafter "Defendant" or "Bijou International"), is and, at all relevant times herein mentioned was New York corporation with its principal place of business at 42 W. 39th Street, 8th Flr., New York, New York 10018. Its main warehouse is located 749 Hope Road, Suite B, Eatontown, New Jersey 07724. (Pl. Rule 56.1 St., ¶2). Defendant, Maurice Haber is an individual residing at a location in Brooklyn and, at all relevant times herein mentioned was a shareholder of Defendant, Bijou International. (Pl. Rule 56.1 St., ¶4). Bijou International is a closed corporation, shares of which were equally owned by Maurice, Leon, and Jack Haber until 2013 when Jack Haber left the company and thereafter, were equally owned by Maurice and Leon Haber. Bijou International is still active. (Pl. Rule 56.1 St., ¶7).

**B.   Breach of Contract by Defendant, Bijou International**

On or about January 2014, an account was started between Qingdao and Bijou International (collectively the "Parties") wherein Plaintiff would ship items to Bijou International at its New Jersey warehouse. (Pl. Rule 56.1 St., ¶8). Since Qingdao and Bijou International opened the account, Qingdao has shipped and all items to Bijou International in accordance with the purchase orders issued by Bijou International. (Pl. Rule 56.1 St., ¶9). During the period of May 2014 through October 2015, Bijou International failed and refused to make full payments for the items that were shipped and delivered to Bijou

International. (Pl. Rule 56.1 St., ¶10). As of October 19, 2015 to date, the balance of $503,593.48 was due and owing from Defendant, Bijou International. (Pl. Rule 56.1 St., ¶11). On or about October 19, 2015, Maurice Haber, on behalf of Bijou International, wrote a letter to Qingdao admitting Bijou International's due and owing to Qingdao and suggested to settle the amount reduced to $200,000.00, which was eventually rejected by Qingdao. (Pl. Rule 56.1 St., ¶12). No portion of the above amount has been paid, although demanded, and $503,593.48 is now due and owing from Bijou International to Qingdao. (Pl. Rule 56.1 St., ¶13). Due to the above, Qingdao has sustained damages. (Pl. Rule 56.1 St., ¶14).

**C.     Conversion and Unjust Enrichment by Defendant, Bijou International**

Every time Qingdao has shipped the items to Bijou International in accordance with the purchase orders by Bijou International, Qingdao expected Bijou International's payments for the shipped items as set forth in the purchase orders. (Pl. Rule 56.1 St., ¶15). Bijou International failed and/or refused to pay as set forth in the purchase orders. (Pl. Rule 56.1 St., ¶16). As a result, Bijou International received a benefit from Qingdao beyond its contractual rights. (Pl. Rule 56.1 St., ¶17). Further Bijou International has held money that was supposed to be tendered to Qingdao to date. (Pl. Rule 56.1 St., ¶18).

# ARGUMENT

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that summary judgment should be rendered if the "materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations, admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Cascara v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence . . . ." Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. As the Supreme Court has emphasized:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Celotex, 477 U.S. at 322. Accord FED. R. CIV. P. 56(e).

If the moving party can demonstrate such an absence of evidence, the party opposing the motion must establish that a genuine issue as to a material fact exists and that a trial is necessary. Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985). Federal Rule of Civil Procedure 56 does not require a court to "scour the entire record to find a factual dispute." Dawley v. Erie Indem. Co., 100 F. App'x 877, 881 (3d Cir. 2004). In meeting its burden, the non-movant cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir.

5

1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); *see also* FED. R. CIV. P. 56(e).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23). On the other hand, "[i]f the motion does not establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented." Foster v. Morris, 208 F. App'x 174, 179 (3d Cir. 2006).

## POINT I

### PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AS TO ITS BREACH OF CONTRACT CLAIM BECAUSE THERE ARE NO MATERIAL FACTS IN DISPUTE

To prevail on its breach of contract claim, Plaintiff must prove that (1) a contract existed between the parties, (2) Defendant breached a duty imposed by the contract, (3) Plaintiff performed his obligations under the contract and (4) Plaintiff

6

was damaged as a result of Defendant's breach. Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc., 275 F. Supp .2d 543, 566 (D.N.J.2003).

As to the first element, it is undisputed that the Parties maintained a multiyear-long contractual relationship based on their purchase account demonstrated by numerous purchase orders issued by Defendant and proofs of shipment issued by Plaintiff. See Pl. Rule 56.1 St., ¶¶ 8-9. Emails exchanged between employees of Qingdao and Maurice Haber further demonstrates that the Parties were engaged in a contractual relationship. See Exh. G to Dec. of Jeon., Bates Nos. P178 -P232. Throughout this litigation, Defendant has never denied the contractual relationship with Plaintiff. See Exhs. G, I to Dec. of Jeon.

As to the second element, it is undisputed that Defendant failed or refused to make payments for the purchase orders that are relevant to Plaintiff's claims in this action. See Pl. Rule 56.1 St., ¶10. Summary of invoice of the outstanding balance of the account between the Parties is a prima facie evidence that Defendant has failed to fulfill its obligation under the terms of their contract. See Exh. G to Dec. of Jeon., Bates Nos. P001 –P177. Throughout this litigation, Defendant has failed to present any evidence that refutes the Plaintiff's claims of its failure/refusal to pay the outstanding balance. Maurice Haber's letter to Plaintiff also implicitly admits Defendant's due and owing to Qingdao. See Pl. Rule 56.1 St., ¶12.

As to the third element, it is undisputed that Plaintiff performed his obligations under the contractual relationship between the Parties by manufacturing and shipping the items ordered by Defendant. *See* Pl. Rule 56.1 St., ¶9. Notwithstanding Defendant claims in its counterclaim that Plaintiff had shipped the merchandises that were unable to be sold in the United States and Plaintiff provided false reports regarding the lead contents of the items, Defendant failed to establish its claims by producing corroborative evidence.

Finally, as to the element of damages, proof of them is an essential element of a breach of contract claim. <u>Gazarov v. The Diocese of Erie</u>, 80 F. App'x. 202, 206 (3d Cir. 2003). Here, it is undisputed that Plaintiff has sustained damages as demonstrated by Defendant' failure to pay the outstanding balance in the amount of $503, 593.48 excluding interest. *See* Pl. Rule 56.1 St., ¶¶11, 13-14.

In short, Plaintiff has satisfied its burden at summary judgment. It has demonstrated that there are no genuine issues of material fact that warrant presenting its breach of contract claim to a jury. Thus summary judgment must be granted as to Plaintiff's first cause of action for breach of contract against Defendant, Bijou International.

## POINT II

## PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AS TO ITS UNJUST ENRICHMENT CLAIM BECAUSE THERE ARE NO MATERIAL FACTS IN DISPUTE

Under New Jersey law, "the unjust enrichment doctrine requires that Plaintiff shows that it expected remuneration from Defendant at the time it performed or conferred a benefit on the company and that the failure of remuneration enriched Defendant beyond its contractual rights." VRG Corp. v. GKN Realty Corp., 641 A.2d at 526. In other words, Plaintiff must show that it got something less than it paid for, and Defendant should be required as a matter of equity to make them whole. In re Mercedes-Benz Tele Aid Contract Litigation, 257 F.R.D. 46, 53 (D.N.J. 2009).

It is undisputed that Plaintiff expected payments from Defendants at the time it manufactured and shipped the items Defendant ordered. See Pl. Rule 56.1 St., ¶15. By failing or refusing to pay for the items, Defendant was enriched beyond its contractual rights. See Pl. Rule 56.1 St., ¶17. Defendants failed to provide any evidence that could refute the above facts. Accordingly, Plaintiff has satisfied its burden at summary judgment. It has demonstrated that there are no genuine issues of material fact that warrant presenting its unjust enrichment claim to a jury. Thus

summary judgment must be granted as to Plaintiff's third cause of action for unjust enrichment against Defendant, Bijou International.

### POINT III

### PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AS TO ITS CONVERSION CLAIM BECAUSE THERE ARE NO MATERIAL FACTS IN DISPUTE

Here, Plaintiff claims conversion as a state claim against Defendant. (Complaint). The *Restatement (Second) of Torts* § 222A(1) (1965) generally defines the common law tort of conversion as follows:

> Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.

Conversion has been defined as "an unauthorized assumption and exercise of the right of ownership *over* goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." Barco Auto Leasing Corp. v. Holt, 228 N.J.Super. 77, 83, 548 A.2d 1161 (App.Div. 1988) (quoting McGlynn v. Schultz, 90 N.J.Super. 505, 526, 218 A.2d 408 (Ch.Div. 1966), certif. denied, 50 N.J. 409, 235 A.2d 901 (1967)). Chicago Title Ins. Co. v. Ellis, 409 N.J. Super. 444, 454 (N.J. Super. App. Div. 2009)

It is undisputed that Defendant exercised unauthorized assumption and the right of ownership over money belonging to Plaintiff. *See* Pl. Rule 56.1 St., ¶18.

10

Defendant was justly required to pay Plaintiff the full value of the items purchased and delivered but failed or refused to do so. *See* Pl. Rule 56.1 St., ¶16. Defendants failed to provide any evidence that could refute the above facts.

In short, Plaintiff has satisfied its burden at summary judgment. It has demonstrated that there are no genuine issues of material fact that warrant presenting its conversion claim to a jury. Thus summary judgment must be granted as to Plaintiff's fourth cause of action for conversion against Defendant, Bijou International.

## CONCLUSION

For the reasons stated above, Plaintiff, Qingdao Zenghui Craftwork, Co. Ltd respectfully requests this Court determines that Plaintiff has demonstrated that, as to its breach of contract claim (count one), unjust enrichment claim (count two) and conversion claim (count four), "there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law." Pursuant to FED. R. CIV. P. 56(c).

Dated: December 20, 2018

Respectfully submitted,

Matthew Jeon, P.C.
Attorneys for Plaintiff,
*Qingdao Zenghui Craftwork, Co. Ltd.*

/s/Matthew Jeon
Matthew J. Jeon, Esq. (MJJ 3368)
Matthew Jeon, P.C.
2400 Lemoine Avenue, Suite 201
Fort Lee, New Jersey 07024
(201) 947-9475
office@jeonlaw.com