UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

QINGDAO ZENGHUI CRAFTWORK,
CO. LTD,

          Plaintiff,

          v.

BIJOU DRIVE, BIJOU INTERNATIONAL,
MAURICE HARBER, LEON HARBER,
JACK HARBER, ABC COMPANIES 1-5,
JOHN DOES 1-5, individual and as officers
And/or members of ABC Companies,

          Defendants.

Case No. 3:16-cv-06296(BRM)(DEA)

OPINION

---

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are: (1) Defendants Jack Harber ("Jack"), Leon Harber ("Leon"), and Maurice Harber's ("Maurice") (collectively, the "Harber Defendants") Motion for Summary Judgment (ECF No. 37) and (2) Qingdao Zenghui Craftwork, Co. Ltd's ("Qingdao") Motion for Partial Summary Judgment as to Bijou International. (ECF No. 38.) Qingdao opposes the Harber Defendants' Motion. (ECF No. 41.) Qingdao's Motion, however, is unopposed. Having reviewed the submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, the Harber Defendants' Motion (ECF No. 37) is **DENIED** and Qingdao's Motion (ECF No. 38) is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

There are significant deficiencies with the motions filed. First, the Harber Defendants' Motion for Summary Judgment does not comply with Local Civil Rule 56.1 and lacks an argument section. Specifically, the Harber Defendants submitted statements of material fact that do not comply with Local Civil Rule 56.1. *See* L.Civ.R. 56.1(a) ("On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. . . . Each statement of material facts shall be a separate document (not part of a brief) and shall not contain legal argument or conclusions of law."). The Harber Defendants erroneously submitted their statement of facts within their Attorney's Affirmation in Support of Motion for Summary Judgment, which they submitted as their Motion. Consequently, the Court will not consider the Harber Defendants' "Factual Background."

In addition, the Harber Defendants' Motion lacks an argument section and is only comprised of a legal standard section and factual background section. Due to the lack of a legal argument and the failure to comply with Local Civil Rule 56.1(a), the Harber Defendants' Motion for Summary Judgment is **DENIED**. *See Kee v. Camden Cty.*, No. 04-0842, 2007 WL 1038828, at * 4 (D.N.J. 2007) ("A moving party's failure to comply with Rule 56.1 is itself sufficient to deny its motion"); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 9 F. Supp. 2d 460, 476 (D.N.J. 1998) ("This failure to comply with the Local Civil Rule would by itself suffice to deny [defendant's] motion for summary judgment."); Fed. R. Civ. P. 56(a) (requiring that a party moving for summary judgment identify each claim, or part of each claim, on which summary judgment is sought and that the Court shall only "grant summary judgment if the movant show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.")

Second, Qingdao's Motion for Partial Summary Judgment against Bijou International is unopposed. While a plaintiff's failure to respond to a Motion for Summary Judgment is not in itself a sufficient basis to grant judgment, a failure to respond is relevant in determining which facts this Court finds to be material and undisputed in ruling on the motion. *Kirkland-Rodriguez v. Cooper Univ. Health Care*, No. 16-3999, 2017 WL 5889234, at *3 (D.N.J. Nov. 29, 2017). "In an unopposed summary judgment motion, the court will accept as true all material facts set forth by the moving party with appropriate record support." *CIT Fin. USA, Inc. v. Lopez*, No. 05-722, 2006 WL 2335578, at *2 (D.N.J. Aug. 9, 2006) (citation omitted). Accordingly, this Court accepts as true, for the purposes of this Opinion and Motion, the following material facts set forth in Qingdao's Motion for Partial Summary Judgment.

### A. The Parties

Qingdao, a company with its principal place of business in China, is in the business of manufacturing custom made jewelry. (ECF No. 38-2 ¶ 1.) Bijou International is incorporated in and has its principal place of business in New York. (*Id.* ¶ 2.)[1] It is a closed corporation and the Harber Defendants, at all relevant times, were shareholders of Bijou International. (*Id.* ¶¶ 4-6.)

### B. Agreement between Qingdao and Bijou International

In January 2014, Qingdao and Bijou International entered into an agreement, wherein they opened an account and Qingdao agreed to ship items to Bijou International at its New Jersey warehouse. (*Id.* ¶ 8.) Since then, Qingdao has shipped all items to Bijou International in accordance with their purchase orders. (*Id.* ¶ 9.) Between May 2014 and October 2015, however, Bijou International "failed and refused to make full payments for the items that [were] shipped and

---

[1] Defendant Bijou Drive is not a legal entity but instead a trade name of Bijou International. (*Id.* ¶ 3.)

3

delivered to [them]." (*Id.* ¶ 10.) As of October 19, 2015, a balance of $503,593.48 was due and owing. (*Id.* ¶ 11.)

On October 19, 2015, Maurice, on behalf of Bijou International, wrote a letter to Qingdao attempting to settle the debt. (*Id.* ¶ 12.) Specifically, he stated in part:

> I am very sorry for the troubles of Bijou International but it was beyond my control.
>
> I would like to try my best to make a settlement with you so you don't loose [sic] everything.
>
> I am willing to try to pay this over 3 years, starting May 2016. My First payment in May of 2016 will be $25,000 and within 3 years I hope to pay the full $200,000.
>
> The Contingency is, I will introduce you to the new company call [sic] Fragments and hoping you do so much business and so much money that you will exonerate me from this balance above.

(ECF No. 38-15.) It is unclear whether Qingdao accepted the settlement.

Nevertheless, despite being demanded, no portion of the $503,593.48 has been paid. (ECF No. 38-2 ¶ 13.)

## II. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary

judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002). "Summary judgment may not be granted . . . if there is a disagreement over what inferences can be reasonably drawn from the facts even if the facts are undisputed." *Nathanson v. Med. Coll. of Pa.*, 926 F.2d 1368, 1380 (3rd Cir. 1991) (citing *Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir.), *cert. denied*, 474 U.S. 1010 (1985)); *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party bears the burden of persuasion at trial, summary judgment is appropriate only if the evidence is not susceptible to different interpretations or inferences by the trier of fact. *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex*, 477 U.S. at 330 (Brennan, J., dissenting). Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324; *see also Matsushita*, 475 U.S. at 586; *Ridgewood*

*Bd. of Ed. v. Stokley*, 172 F.3d 238, 252 (3d Cir. 1999). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

**III. DECISION**

**A. Breach of Contract Claim Against Bijou International**

Qingdao argues it is entitled to summary judgment as to its breach of contract claim because there are no material facts in dispute as to whether a contract existed, whether there was a breach of that contract, whether they sustained damages therefrom, and whether they performed their contractual duties. (ECF No. 38-3 at 6-8.) Bijou International does not oppose this argument.

To prevail on a breach of contract claim, a plaintiff must prove: (1) a contract existed; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party performed its own contractual duties. *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002) (citations omitted).

It is undisputed that a contract existed between Qingdao and Bijou International, wherein Bijou International opened an account, and Qingdao agreed to ship jewelry to Bijou International

at its New Jersey warehouse. (ECF No. 38-2 ¶ 8.) As to the second element, it is likewise undisputed that Bijou International "failed and refused to make full payments for the items that [were] shipped and delivered to [them]." (*Id.* ¶ 10.) Bijou International has failed to present any evidence that refutes this. Third, it is also undisputed that Bijou International performed its obligations under the agreement, as Bijou International failed to file an opposition or evidence setting forth anything to the contrary. Lastly. as to damages, it is undisputed that $503,593.48 remains due and owing. Accordingly, Qingdao's Motion for Summary Judgment as to its breach of contract claim against Bijou International is **GRANTED**.

### B. Unjust Enrichment Against Bijou International

Qingdao argues it is entitled to summary judgment as to its unjust enrichment claim because it "expected payments from" Bijou International and Bijou International refused to pay for the items delivered. (ECF No. 38-3 at 9.) Bijou International does not oppose this argument.

The existence of a valid contract governing the subject matter typically precludes recovery in quasi contract for events arising out of the same cause of action. *Suburban Transfer Serv., Inc. v. Beech Holdings, Inc.*, 716 F.2d 220, 226 (3d Cir. 1983). As such, claims for unjust enrichment are only sustainable when the parties' rights are not governed by a valid, enforceable contract. *Suburban Transfer Serv., Inc.*, 712 F.2d at 226–27. Therefore, if a valid and enforceable contract exists, a Court may dismiss the unjust enrichment claim. *Id.*; *Estate of Gleiberman v. Hartford Life Inc. Co.*, 94 Fed. Appx. 944, 947 (3d. Cir. 2004).

Here, because Qingdao's claim for unjust enrichment is duplicative of its breach of contract claim, Qingdao's Motion for Summary Judgment as to this claim is **DENIED**.

### C. Conversion Against Bijou International

Qingdao also contends it is entitled to summary judgment on its conversion claim because Bijou International "exercised unauthorized assumption and the right of ownership over money belonging to" Qingdao, Bijou International was required to pay Qingdao but failed to do so, and Bijou International failed to provide evidence refuting such. (ECF No. 38-3 at 10-11.) Bijou International does not oppose this argument.

While a claim for conversion and breach of contract may coexist in the same complaint, a plaintiff asserting a claim for conversion must establish the defendant violated an independent legal duty and committed a tort, apart from the duty imposed by the contract. *See Farris v. Cty. of Camden*, 61 F. Supp. 2d 307, 346 (D.N.J. 1999) ("Under New Jersey law, a dispute [that] clearly arises out of and relates to [a] contract and its breach sounds in contract and not in tort.") (citations omitted)

Here, Qingdao's conversion claim is clearly duplicative of its breach of contract claim, as it argues it agreed to deliver jewelry to Bijou International and Bijou International failed to pay for it. Accordingly, Qingdao's Motion for Summary Judgment as to its conversion claim is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, the Harber Defendants' Motion (ECF No. 37) is **DENIED** and Qingdao's Partial Motion for Summary Judgment as to Bijou International is **GRANTED** as to the breach of contract claim but **DENIED** as to the unjust enrichment and conversion claims. Accordingly, Qingdao's unjust enrichment and conversion claims are **DISMISSED** as to Bijou International.

Date: June 7, 2019                 */s/ Brian R. Martinotti*
                                                           HON. BRIAN R. MARTINOTTI
                                                           UNITED STATES DISTRICT JUDGE